UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MR. ROBERTO CARLOS
MANCIAS-JIMENEZ,

     Petitioner,

   v.

JEFFREY SEARLS, *in his official capacity
as Facility Director, Buffalo Federal
Detention Facility*, THOMAS FEELEY, *in
his official capacity as Field Office Director,
Buffalo Field Office, U.S. Immigration &
Customs Enforcement*, and MERRICK
GARLAND, *in his official capacity as
Attorney General of the United States*,

     Respondents.
_____

**DECISION AND ORDER**

6:22-CV-06147 EAW

## BACKGROUND

Petitioner Roberto Carlos Mancias-Jimenez ("Petitioner"), a former immigration detainee represented by counsel, filed a petition—and later, an amended petition—seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. 1; Dkt. 4).  Shortly after Respondents filed their response (Dkt. 7), an immigration judge granted Petitioner's request for cancellation of removal, and Petitioner was released from immigration custody. (Dkt. 9-1 at ¶ 3).  The parties thereafter stipulated to dismissal of the instant action.  (Dkt. 10; Dkt. 11).

Before the action was dismissed, Petitioner's counsel filed a motion seeking appointment pursuant to the Criminal Justice Act , 18 U.S.C. § 3006A (the "CJA"). (Dkt. 6). Petitioner's counsel continues to seek such appointment, notwithstanding the dismissal of the action. (Dkt. 12). For the reasons that follow, Petitioner's motion for CJA counsel is denied.

## DISCUSSION

"The CJA provides in relevant part that '[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.'" *Thomas v. Searls*, 515 F. Supp. 3d 34, 38 (W.D.N.Y. 2021) (quoting 18 U.S.C. § 3006A(a)(2)(B) and alterations in original). Accordingly, "the plain language of the CJA states that it applies to petitions for a writ of habeas corpus under Section 2241." *Id*. However, just because appointment of counsel is authorized does not mean that it is required. Rather, whether or not to appoint counsel in such cases is discretionary. *Id*. ("Section 3006A does not entitle the petitioner to appointed counsel. Rather, it confers discretionary authority which will be used infrequently[.]" (quotation and citation omitted)); *see also Mitchell v. Breslin*, No. 01 CIV. 5520(KMW)(DF), 2002 WL 31255076, at *1 (S.D.N.Y. Oct. 8, 2002) ("A habeas petitioner has no right to counsel. . . . [T]he governing rules require the appointment of counsel only when an evidentiary hearing is needed. The appointment of counsel in all other cases is discretionary." (citations omitted)).

Here, Petitioner was seeking relief under § 2241.  Further, he had submitted a financial statement confirming his financial eligibility for appointment of CJA counsel. Accordingly, the question facing the Court is whether the interests of justice warrant appointment of counsel.  In making such an assessment, "courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Gonzalez v. New York*, No. 05-CV-9028, 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21, 2006) (quotation omitted).

Petitioner's counsel argues that the interests of justice warrant appointment of counsel in this case because: (1) Petitioner has command of extremely limited spoken English and almost no written English; (2) the matter involves "complex issues of constitutional interpretation . . . , and a correspondingly complex response from the Government is anticipated"; and (3) counsel has "a proven track record of working smoothly with/against the Respondents to narrow issues of fact and law for presentation to the court; litigating similar, complex claims in a concise and efficient manner."  (Dkt. 6 at ¶¶ 6-7).  Whatever weight these arguments might have borne when the matter was still pending, they have been mooted by the resolution of Petitioner's request for cancellation of removal at the administrative level and the corresponding dismissal of this action.  In other words, there is no ongoing benefit to be gained from appointment of CJA counsel, because the matter is over—indeed, it was over about 30 days after the motion for appointment of counsel was filed because an immigration judge granted Petitioner's request for cancellation of removal.

The Court acknowledges that counsel also seeks retroactive appointment.  (*See* Dkt. 6 at ¶ 9).  However, the record shows that a friend of Petitioner's paid counsel the sum of $2,000 for his efforts on this case, which counsel asserts covered "the first 12.6 hours spent on this case."  (*Id*.).  In light of counsel having been paid, at least in part, for the initial phases of this litigation, and the matter having been mooted and dismissed shortly after the motion for appointment of counsel was filed and before any reply was required to be filed by Petitioner, the Court, in its discretion, concludes that this is not the rare habeas corpus matter in which appointment of CJA counsel is warranted.

## **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's motion for appointment of CJA counsel.  (Dkt. 6).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 11, 2022
        Rochester, New York

- 4 -